IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| CHARLES RAYMOND ALBRIGHT, | ) | No. _____ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| KRIS KARBERG, Warden, | ) | |
| Anamosa State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner Charles Raymond Albright, pursuant to 28 U.S.C. § 2254, petitions the court for the issuance of a writ of habeas corpus. In support of his petition, Albright states following:

1. By trial information entered on October 28, 2016, Albright was charged in Iowa state court with two felony offenses: (1) willful injury resulting in serious injury, a C class felony, in violation of Iowa Code § 708.4(1); and (2) kidnapping in the first degree causing serious injury, an A class felony, in violation of Iowa Code §§ 710.1 and 710.2. The State generally alleged that Albright, on or about October 7, 2016, willfully injured and confined over a course of hours (kidnapping) his cohabitant Kim Hartman and inflicted serious injury upon her. The criminal case proceeded in the Iowa District Court for Franklin County under the numbered caption of FECR504405.

2. At the start of the state criminal trial on July 11, 2017, the State successfully, by oral request, moved to amend the trial information, and the singular basis for the amendment was the prosecution's then concession that it could not prove that Hartman sustained serious injury during the incident (an element of each offense charge); accordingly, an amended trial information ultimately issued (by the end of the trial) that charged Albright with the following offenses: (1)

1

willful injury causing bodily injury, a D class felony, in violation of Iowa Code §§ 708.4(1) and 708.4(2); and (2) kidnapping in the first degree, an A class felony, this time by the means of torture (instead of serious injury) in violation of Iowa Code §§ 710.1(3) and 710.2.  On July 14, 2017, the jury returned its verdict finding Albright guilty of each of the amended offense charges.  Albright was sentenced by the state criminal court on August 11, 2017 to, among other penal penalties, a life imprisonment sentence without parole eligibility (for the A class felony kidnapping offense) as well as fines and restitution.  Albright timely filed his notice of direct appeal of the criminal convictions, and the Iowa supreme court ultimately affirmed the convictions and the penal sentencing part of the judgment by opinion entered on March 22, 2019 (*State v. Albright,* 925 N.W.2d 144 (Iowa 2019)).  The procedendo issued on April 29, 2019.

3. On October 1, 2019, Albright filed his state post-conviction relief action, including on the bases that his trial counsel were constitutionally, and prejudicially, ineffective under the Sixth and Fourteenth Amendments of the United States Constitution in several particulars, including the following:

(a) failing to object to the oral amendment of the trial information that occurred on the first day of trial, or at the minimum request a continuance of the trial, as the amendments materially changed the evidence required for the State to establish the amended felony offenses and defense counsel was unprepared for this change (the amendment removed the element requirement of serious injury and substituted a mental pain-based element);

(b) failing to raise and present evidence on the affirmative defenses of intoxication and diminished capacity, and present expert testimony to support these defenses, when the State through its prosecutors itself argued that Albright was in a mental state of "paranoia" and "blind-range" throughout the incident giving rise to the criminal charges, and when such expert testimony

2

that would have established these defenses, and particular given the State's position on mens rea, was essential, available and supported (including by Albright's prior mental health struggles and history);

(c) presenting, through defense counsel himself, three incidences of prior domestic assault offense committed by Albright, and each resulting in criminal convictions, against three of his former domestic partners (not the domestic partner in the criminal case relevant to this habeas petition), including the fact of Albright's being incarcerated as being a repeat offender as the result of the conviction on the third incident, and when the State itself later conceded that the law was clearly established that all of this prior bad acts evidence was inadmissible in the criminal case at issue here (that is, the State could not have brought out these acts, including the resulting prior convictions and penal sentence, during cross-examination of Albright) unless it was Albright's counsel himself who brought the prior bad acts evidence to the attention of the jury (which defense counsel inexplicably did and right at the start of Albright's direct examination);

(d) failing to object to excludable and prejudicial vouching testimony from an ER nurse, which nurse's testimony went to an element of the kidnapping offense that had nothing to do with the victim's diagnosis and treatment (that key element being whether the victim was held against her will such as to support the kidnapping offense charge);

(e) failing to object to excludable and prejudicial evidence—and in direct violation of the Supreme Court's *Griffin* rule—that Albright had clammed-up and elected to remain silent during post-arrest police questioning and after his *Miranda* rights were given;

(f) failing to object to the State's argument, as well as the prosecutor's numerous statements to the jury, that because Albright through counsel had admitted to committing the amended willful injury offense charge at the start of trial he necessarily—by logical and legal

3

implication—admitted to committing one of the two specific intent elements of the amended kidnapping charge (intent to cause serious injury to the victim);

   (g) failing to call a key defense witness to the stand—who was available and willing to testify—that would have refuted the State's principal claim concerning the other specific intent element of the amended kidnapping charge (that Albright intended to torture the victim, and via his purported multiple uses of a stun gun on her—when this not called witness had first hand personal knowledge that Albright was not in possession of the stun gun in question and during the time of the incident); and

   (h) failing to assert that the cumulative effect of the error of each and all of these specifications of constitutional ineffectiveness arose to the standard of prejudice.

  4. Albright presented in his state PCR action evidence as to each of these points of trial counsel prejudicial ineffectiveness at an evidentiary hearing—a trial—held on the 9th and 18th days of September and the 2nd and 23rd days of October, 2020. On January 6, 2021, the state PCR trial court entered its ruling that denied each of the bases of Albright's PRC petition, specifically including the bases summarized in paragraph 3 of this petition for habeas corpus relief. Albright timely appealed that PCR ruling and judgment, and by order entered on January 12, 2022, the Iowa Court of Appeals entered its ruling that affirmed the trial court's judgment (*Albright v. State,* 2022 WL 108574, No. 21-0116 (Iowa Ct. App. 2022)). Albright's timely application for further review before the Iowa supreme court of the appeals court's ruling was denied on March 9, 2022, and the procedendo issued on that same day. Accordingly, each and all of these now federally brought habeas claims set forth in the petition have not been procedurally defaulted and this petition for habeas relief is timely submitted under the quoted AEDPA statute. Moreover, each of the challenged bases of prejudicial ineffective assistance of counsel meet the AEDPA standard that

4

the final state court PCR merits decision as to the issues raised and preserved either contradict or unreasonably apply U.S. Supreme Court precedents or otherwise were based on unreasonable determinations of the facts presented in the state PCR proceeding.

5. Albright presently is serving his state-imposed life imprisonment sentence at the Anamosa State Penitentiary located in Anamosa, Jones County, Iowa. Accordingly, this federal court—the United States District Court for the Northern District of Iowa, Cedar Rapids Division—is the appropriate court in which this habeas corpus petition is filed because it is the federal district court located in the jurisdiction in which Albright is currently imprisoned.

6. The respondent is the warden of the Anamosa State Penitentiary; as such, the respondent is the person who has custody over Albright within the meaning of 28 U.S.C. § 2242; accordingly, the warden is properly named as the respondent in this habeas corpus proceeding.

7. Albright is entitled to federal habeas corpus relief, and specifically as it relates to the state criminal conviction and the corresponding terms of state court ordered imprisonment imposed against him, because his state trial counsel were prejudicially ineffective under the Sixth Amendment of the Federal Constitution (and its corresponding *Strickland* standard) applicable to the States through the Fourteenth Amendment in each and every manner set forth in paragraph 3 of this petition for writ of habeas corpus relief.

8. For each of these reasons, Albright is entitled to habeas corpus relief.

WHEREFORE, the petitioner Albright prays that the court grant petitioner habeas corpus relief and that the court further issue the writ that orders the respondent to release the petitioner from custody based on the federal constitutional violations inherent in the petitioner's state criminal convictions and corresponding prison sentence as described herein, or at the minimum

conditionally grant the writ pending timely retrial of the petitioner by the State of Iowa, and that the court further award petitioner such additional relief as is just and proper in the premises.

/s/ S.P. DeVolder
S.P. DeVolder  AT0001876
THE DeVOLDER LAW FIRM, P.L.L.C.
1228 Sunset Drive, Suite C
Norwalk, IA 50211-2401
Tel: (515)981-5150
Fax: (515)981-5156
steven.devolder@devolderlawfirm.com

/s/ William L. Kutmus
William L. Kutmus  AT0004450
/s/ Trever Hook
Trever Hook  AT0003580
KUTMUS, PENNINGTON & HOOK, P.C.
5000 Westown Parkway, Suite 310
West Des Moines, IA 50266
Tel: (515)288-3333
Fax: (515)288-8269
jodi@kphlawfirm.com
trever@kphlawfirm.com

ATTORNEYS FOR THE PETITIONER
